UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CESAR RIOS-GARCIA,<br>Petitioner,<br>v.<br>BRUCE SCOTT, et al.,<br>Respondents. | Case No. 2:26-cv-03074-TMC<br><br>ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS |

## I. ORDER

The petition for writ of habeas corpus is GRANTED. Petitioner is a Bond Denial Class member in *Rodriguez Vazquez v. Bostock*, 802 F. Supp. 3d 1297 (W.D. Wash. 2025). The Immigration Judge's ("IJ") denial of bond on July 27, 2026, *see* Dkt. 1-2 at 52; Dkt. 7 ¶ 9, was based on an erroneous interpretation of the Immigration and Nationality Act ("INA") which has been corrected by the Ninth Circuit: Noncitizens, such as Petitioner, "present without admission who are apprehended in the interior of the United States are subject to the detention regime of § 1226, not § 1225(b)(2)(A)." *Rodriguez Vazquez v. Bostock*, 183 F.4th 1160, 1165 (9th Cir. 2026).

Under *Rodriguez Vazquez* and 8 U.S.C. § 1226(a), Petitioner is entitled to a bond hearing, not release. At this bond hearing, the burden is on Petitioner to show "by the preponderance of

the evidence that he is not 'a threat to national security, a danger to the community at large, likely to abscond, or otherwise a poor bail risk'. . . . " *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1197 (9th Cir. 2022) (quoting *Matter of Guerra*, 24 I. &. N. Dec. 37, 40 (B.I.A. 2006)). "[I]n *Rodriguez Diaz*, the Ninth Circuit declined to extend the procedural requirements of *Singh* to individuals detained under § 1226(a), finding 'existing agency procedures' provided them sufficient protection." *Odimara v. Bostock*, Case No. 2:24-cv-01412-MJP-TLF, 2025 WL 1490395, at *10 (W.D. Wash. March 27, 2025) (quoting *Rodriguez Diaz*, 53 F.4th at 1209). While Petitioner has thus shown that his mandatory detention under § 1225(b) violates the INA and he is entitled to habeas relief, *see* 28 U.S.C. § 2241(c)(3), that relief is a § 1226(a) bond hearing rather than immediate release.

For the reasons explained above, the Court ORDERS as follows:

1. The petition for writ of habeas corpus (Dkt. 1) is GRANTED.

2. Within seven days of receiving Petitioner Cesar Rios-Garcia's request for a bond hearing, Respondents must either release him or provide him a bond hearing under 8 U.S.C. § 1226(a). Petitioner must request a bond hearing to receive this relief.

3. If Petitioner is released, Respondents must return to Petitioner any personal property, including any personal identification document (other than a passport) and any employment authorization document.

4. Nothing in this order prevents an Immigration Judge from granting a request by Petitioner for a continuance in his bond proceedings.

Dated this 22nd day of September, 2026.

Tiffany M. Cartwright
United States District Judge